UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.:

ARTHUR C. GIORDANO,

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES

    Defendant.

_____/

## COMPLAINT

Plaintiff, Arthur C. Giordano, sues Defendant, Carnival Corporation d/b/a Carnival Cruise Lines, and alleges:

### GENERAL ALLEGATIONS ABOUT JURISDICTION AND VENUE

1.    As alleged in more detail below, Plaintiff, Arthur C. Giordano ("Giordano"), sues Defendant, Carnival Corporation d/b/a Carnival Cruise Lines ("Carnival") to recover damages caused by a slip and fall accident that occurred aboard Carnival's M/V *Horizon* between 5:00 AM – 5:45 AM, December 3, 2021, while the vessel was on navigable waters.

2.    Mr. Giordano was a fare-paying passenger on board the M/V *Horizon* for an eight-day cruise that began on November 27, 2021 that originated and ended in Miami, Florida.

3. Mr. Giordano is a U.S. citizen who is domiciled in the State of Florida.

4. Carnival is a Panamanian corporation that maintains its principal place of business in Miami-Dade County, Florida.

5. The M/V *Horizon* was and is a passenger cruise ship engaged in the business of carrying passengers for hire.

6. Carnival is the owner, bareboat charterer, operator, and/or manager of the M/V *Horizon*.

7. Carnival is engaged in the business of providing pleasure cruises to passengers for hire.

8. Carnival uses M/V *Horizon* ("ship") as a common carrier to transport fare-paying passengers on cruises from ports located in the United States to foreign ports and back to ports in the United States.

9. The passage contract between Giordano and Carnival contains a mandatory forum selection clause that requires all personal injury suits to be filed in the U.S. District Court for the Southern District of Florida. The relevant term of the passage contract is attached hereto as Exhibit "1," ¶ 14(c).

10. Since there is no diversity jurisdiction, Giordano is required to file his action within the Court's admiralty jurisdiction under Title 28 U.S.C. § 1333(1).

11. Under the terms of the passage contract, Carnival consents to a trial by jury pursuant to Federal Rule of Civil Procedure 39(c). See Exhibit "1", ¶ 14(c).

12. Mr. Giordano wants his claims resolved by a jury as is his right under the savings to suitors clause of 28 U.S.C. (1).

13. Service of process upon and personal jurisdiction over Carnival is authorized by Florida Statute § 48.193(1)(a)1 and § 48.193(2).

14. In addition, Carnival consents to personal jurisdiction in this Court under the terms of the passage contract between the parties. See Exhibit "1," ¶ 14(c).

15. Venue is proper in Miami-Dade County, Florida pursuant to the terms of the passage contract. See Exhibit "1," ¶ 14(c).

16. This suit is governed by the general maritime law as it involves a slip and fall accident on a cruise ship on navigable water.

17. Mr. Giordano has met or fulfilled all conditions precedent for filing this suit.

## THE INCIDENT

18. Somewhere between 5:00 AM – 5:45 AM on December 3, 2021 Giordano and his wife, Camille, went to the ship's walking track (skytrack) on Deck 12 to exercise.

19. When the Giordanos approached the port side of the skytrack, they observed Carnival's crew was cleaning the track, the area was roped off, so they exited the track about mid-ship near the "Carnival Seaside Theater" to go down the starboard side stairs to Deck 11.

20. The mid-ship, starboard side stairs between Decks 12 and 11 were not blocked off and there were no warning signs that the stairs were wet.

21. Mr. Giordano, who was wearing sneakers, was walking down the steps, which were wet, when his foot slipped and he fell down the stairs.

22. Mr. Giordano sustained multiple injuries as a result of the incident, including, but not limited to, herniated discs at C5-6-7-T1, herniated discs at L4-5-S1, left and right rotator cuff injuries, a left superior labral tear, and a right long head biceps injury known to date.

23. Mr. Giordano went to the ship's infirmary to obtain medical treatment after the incident.

24. Mr. Giordano also reported the incident and filled out an accident report with assistance from his wife, Camille.

## COUNT I
## NEGLIGENT CLAIM AGAINST CARNIVAL

25. Mr. Giordano re-alleges the allegations contained in paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. At all times material, and in particular on or about December 3, 2021, Carnival owed a duty to the passengers, including Giordano, to exercise reasonable care to design, maintain, and operate the ship in a reasonably safe condition.

27. Carnival, through its crew, agents, employees, staff, and/or representatives, who were acting within the course and scope of their employment and/or agency with Carnival, breached the duties of reasonable care owed to Giordano and were negligent or at fault in one or more of the following ways:

 a. Failing to warn passengers, in particular Giordano, of the dangerous condition of the stair steps, which were neither open nor obvious in a way to prevent injuries;

b. Failing to have the stair steps built in accordance with safety standards such that the stairs were reasonably safe for passengers, like Giordano, to use;

c. Failing to use an appropriate anti-slippery surface on the stair steps so as to prevent passengers, including Giordano, from slipping and/or allowing anti-skid surfaces to become worn or otherwise become ineffective;

d. Allowing, causing, and/or creating an unsafe and dangerous condition of the walking surface of the stair steps and/or failing to remedy an unsafe and dangerous condition, including by allowing water and/or cleaning liquids to spread to the stair steps, making the steps more slippery, which was known by Carnival, and/or which in the exercise of reasonable care should have been known by Carnival;

e. Failing to promulgate and/or follow proper procedures for monitoring the slipperiness and keeping the walking surface of the stair steps reasonably safe for passengers, such as Giordano; and,

  f. Through other acts or omissions constituting a breach of the duty to use reasonable care, which will be revealed through additional facts obtained through discovery.

28. Carnival created and/or knew or should have known of the above-described hazardous conditions through the exercise of reasonable care.

29. The above conditions were neither open nor obvious in a way to prevent injuries to Giordano, and accordingly, Carnival owed Giordano the duty to monitor the unsafe condition of the stair steps and warn of them and/or correct them.

30. As a direct and proximate result of Carnival's fault or negligence, Giordano sustained serious and permanent physical injuries, suffered past and future physical pain and suffering, mental anguish, loss of physical functions, disability, past and future loss of the enjoyment of life, loss of earning capacity, past and future medical expenses, loss of the enjoyment of the subject cruise and loss of the fare paid for the subject cruise.

WHEREFORE, Plaintiff, Arthur C. Giordano, demands the Court enter judgment against Defendant, Carnival Corporation d/b/a Carnival Cruise Lines, and award him compensatory damages, prejudgment interest, costs, and such further relief the Court deems proper.

## DEMAND FOR JURY TRIAL

31. Plaintiff, Giordano, moves the Court for a jury trial under Federal Rule of Civil Procedure 39(c).

DATED   May 19, 2022.

          Respectfully submitted,

         By: */s/ Farris J. Martin III*
           FARRIS J. MARTIN, III
           Florida Bar No.: 879916
           JAMES W. STROUP
           Florida Bar No. 842117
           STROUP & MARTIN, P.A.
           119 S.E. 12th Street
           Fort Lauderdale, Florida  33316
           Telephone:  (954) 462-8808
           Email:  fmartin@strouplaw.com
           Email:  jstroup@strouplaw.com
           *Attorneys for Plaintiff*

          and

          DAVID MITCHELL
          Florida Bar No. 75935
          STEINGER, GREENE & FEINER
          507 NW Lake Whitney Place
          Port St. Lucie, Florida 34986
          Telephone:  (772) 621-9934
          E-Mail:  dmitchell@injurylawyers.com
          *Attorneys for Plaintiff*