UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CV-21550-SEITZ

ARTHUR C. GIORDANO,
    Plaintiff,
v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,
    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

THIS MATTER is before the Court on Plaintiff Arthur Giordano's Amended Motion for Sanctions [DE 38]. Plaintiff moves for an adverse inference at trial and to preclude Defendant from moving for summary judgment on the notice and defective design issue because Defendant Carnival Corporation 1) failed to preserve video footage with metadata and 2) altered the stairs on which the incident occurred. DE 38 at 5–16. Defendant maintains that Plaintiff has not shown that it acted in bad faith, and further argues that the lack of metadata and the addition of anti-slip tape to the subject stairs does not prejudice Plaintiff. DE 45 at 11–12. Because Plaintiff has not established evidence of bad faith or prejudice, the Motion must be denied.

### I.    BACKGROUND

Following a December 3, 2021 slip-and-fall incident onboard one of Defendant's vessels, Plaintiff sent a demand letter with a preservation request which Defendant received on December 18, 2021. It asked Defendant to preserve video footage two hours before and two hours after the incident and permit an inspection of the subject stairs

prior to any repairs or modifications.[1] DE 38 at 1. Prior to receiving the letter, Defendant had preserved two videos showing Plaintiff's incident, one about nine minutes long and the other about eleven minutes long; however, neither video has metadata. *Id.* at 10. In November 2022, Defendant's employees added anti-slip tape on the subject stairs without notifying Plaintiff. DE 45 at 5.

## II. DISCUSSION

### a. The Videos

Fed. R. Civ. P. 37(e) governs sanctions for when electronically stored information ("ESI"), such as videos, is lost when it should have been preserved "in anticipation of litigation" because a party did not take reasonable steps to preserve it and it cannot be restored or replaced. The Eleventh Circuit has not yet determined what constitutes "in anticipation of litigation." *ML Healthcare Services, LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293, 1307–8 (11th Cir. 2018). Under Rule 37(e)(1), sanctions are appropriate when it causes prejudice to the opposing party. Under Rule 37(e)(2), sanctions are appropriate when the spoliating party acted in bad faith. *See Skanska USA Civil Southeast Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1312 (11th Cir. 2023).

As to the videos, Plaintiff makes three arguments that Defendant acted in bad faith. First, by only preserving a portion of the video before receiving the preservation request but still in "anticipation of litigation." Second, by not preserving *more* video footage upon receipt of the preservation request fifteen days after the incident. Third, by providing video footage of the incident without metadata. However, Plaintiff has not provided any record evidence to support a finding of bad faith or prejudice.

---

[1] This suit followed on May 19, 2022. DE 1.

As a threshold matter, it is questionable whether sanctions are available under the plain language of Rule 37 because the videos are not "lost." Fed. R. Civ. P. 37(e). Defendant preserved two videos from different angles capturing Plaintiff's incident two days after the incident.[2] DE 45 ¶ 8. Regardless of whether Defendant "anticipated litigation" when preserving the videos, Plaintiff's effort to impose sanctions because Defendant "lost" ESI, without indicating what exactly the "lost" footage would depict, is at best speculative and conjectural. *ML Healthcare Services, LLC*, 881 F.3d at 1309. In a similar situation, the Eleventh Circuit held that sanctions were inappropriate when a defendant preserved what it believed to be relevant video footage prior to the preservation request, and then did not preserve *more* after receipt of the preservation request. *Id.* at 1307. As such, sanctions for "lost" ESI are without merit.

As to the metadata, Plaintiff does not cite to any authority which holds that the lack of metadata is tantamount to destruction under Rule 37(e). Moreover, the record does not suggest that Defendant intentionally "scrubbed" the metadata, much less so in bad faith, nor that the missing metadata prejudices Plaintiff. Instead, the record indicates the files do not have metadata when uploaded. DE 45 at 7. Further, the Deck 11 video clearly shows a Carnival employee, whom Defendant identified, cleaning the area and Plaintiff slipping soon thereafter. Plaintiff does not dispute that the videos depict the incident but argues the lack of metadata prevents the synchronization of the videos. However, it is unclear how or what the synchronization of the videos or the

---

[2] The Deck 11 video, which is eleven minutes long, captures the back of the stairs, shows a Carnival employee cleaning the stairs with a mop and walking out of view a few minutes before Plaintiff slips down the bottom of the stairs. The Deck 12 video, which is nine minutes long, only shows Plaintiff's incident, but the angle does not capture the bottom of the stairs where Plaintiff fell.

metadata would have proved, which would be relevant to support a claim of prejudice. Thus, sanctions are not appropriate.

### b. The Anti-Slip Tape

For the destruction of physical evidence, a party seeking spoliation sanctions must show the spoliating party acted in bad faith and prejudice to the opposing party. *ML Healthcare Services,* LLC, 881 F.3d at 1308–9. When analyzing these issues, a court can consider whether the prejudice could be cured, the practical importance of the evidence, and the potential for abuse if sanctions are not imposed. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 945 (11th Cir. 2005). Negligence is insufficient to impose sanctions. *Mendez v. Wal-Mart Stores East, LP*, 67 F.4th 1354, 1362 (11th Cir. 2023). Here, Plaintiff also has not shown the bad faith or prejudice needed to impose sanctions.

Plaintiff argues that Defendant acted in bad faith and prejudiced his case by adding the anti-slip tape without giving Plaintiff's counsel the opportunity to inspect the stairs and conduct a coefficient of friction test despite the specific request to do so. Defendant asserts that the anti-slip tape was added to all ships pursuant to a company-wide mandate, and that the crewmembers of the vessel did not advise Defense counsel of the addition of the tape. DE 38-12; DE 45 at 11. As such, Defense counsel learned of the addition of the anti-slip tape themselves at the July 8, 2023 joint inspection of the vessel. DE 45 ¶ 16. However, Defendant provided pictures[3] of the stairs depicting the condition they were in on the day of the incident, the brand of varnish used on the

---

[3] The pictures of the stairs on the incident date show wood-like steps with an anti-slip strip at the edge of the step. DE 38-10. Pictures of the incident scene taken by Plaintiff's counsel on the day of the inspection show the entire step covered in anti-slip tape. DE 38-11.

4

stairs, and the type of anti-slip tape previously used on the stairs. *Id.* at ¶ 14.

Defendant's actions as to the anti-slip tape are more indicative of poor internal communication and negligence than bad faith, especially given that all stairs on all vessels were changed, not just the one in which Plaintiff fell. However, this case provides notice to Defendant that it needs better internal communication or it risks uncurable potential prejudice in future cases. While Defendant should have notified Plaintiff's counsel of the addition of the anti-slip tape, Plaintiff, however, waited nineteen months after the incident to inspect and test the stairs. Thus he ran the risk that the stairs could have changed given the passage of time and that any test results would not be probative of the condition of the stairs on the date of the incident. To cure any possible prejudice created by either party's actions, Plaintiff may introduce into evidence that anti-slip tape was added after the incident and that his expert was not able to conduct an investigation of the condition at the time of the incident. Accordingly, it is

**ORDERED** that Plaintiff's Amended Motion for Sanctions [DE 38] is **DENIED**.

DONE AND ORDERED in Miami, Florida, this 23rd day of October 2023.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Honorable Melissa Damian
      All counsel of record